IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL CAMILLE ADAMS, | § | |
| TDCJ-CID NO.1431433, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-11-0650 |
| FORT BEND COUNTY, TEXAS, | § | |
| Defendant. | § | |

OPINION ON DISMISSAL

On April 16, 2007, plaintiff Paul C. Adams entered a guilty plea and was convicted in the 268th State District Court of Fort Bend County, Texas of aggravated sexual assault and aggravated sexual assault of a child in cause numbers 45,617 and 45,619, for which he was sentenced to fifty years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). Texas prison website[1]; *Adams v. Quarterman*, Civil Action No.4:08cv2569 (S.D. Tex. Dec.18, 2008). He was also convicted of possession with intent to promote child pornography in cause number 46,469, for which he was sentenced to twenty years confinement in TDCJ-CID. Texas prison website; Civil Action No.4:08cv2569. Plaintiff's state habeas applications from each conviction were denied without written order by the Texas Court of Criminal Appeals in July 2008. Texas Court website.[2] Plaintiff sought federal habeas relief from his convictions in August 2008, but later moved to withdraw his petition, which the Court granted in December 2008. Civil Action No.4:08cv2569. Plaintiff is presently confined in the Wynne Unit of TDCJ. Texas prison website.

On July 27, 2010, plaintiff's sister, Toni R. Hansen, filed a "Petition for Exclusiveness of Remedy in re: Tort Claim," seeking relief under the Uniform Commercial

---

[1] http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=07839763
[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2338423; 2338424; 2338425

1

Code ("UCC") from Fort Bend County, Texas for acts related to his arrest and prosecution by the following purported tortfeasors: Assistant District Attorney Suzy Morton, Defense Attorney Tom Stickler, Judge Elliot Brady, and ICE Agents Paul Skinner, Matt Baker, and David Harrison. *Adams v. Risk Management*, Civil Action No.4:10cv2657 (S.D. Tex. Feb. 2, 2011). On February 2, 2011, the Court dismissed the complaint for failure to effect service of process. *Id.* at Docket Entry No.7.

On February 15, 2011, Hansen filed the pending suit styled as a "Petition for Exclusiveness of Remedy in re: Tort Claim." (Docket Entry No.1). Hansen indicates that she has power of attorney for plaintiff and is a "secured party principal on behalf of debtor." (*Id.*, page 4). She also indicates that she is an authorized representative and an "attorney-in-fact," although she does not appear to be a licensed attorney in Texas or elsewhere. (Docket Entry No.1-1, page 2). Hansen seeks relief under the UCC from Fort Bend County on plaintiff's behalf and asserts the same claims against the same alleged "tortfeasors" as those in Civil Action No.4:10cv2657. (Docket Entry No.1-1, pages 6-8). Plaintiff has paid the filing fee and defendant Fort Bend County has been served with process.

Pending are defendant's Motion to Strike Complaint (Docket Entry No.5) and Motion to Dismiss Complaint (Docket Entry No.6), and plaintiff's letter motion to amend his complaint and rescind his motion to withdraw the complaint. (Docket Entry No.10). For the reasons to follow, the Court will dismiss the complaint with prejudice.

I. DISCUSSION

A. Motion to Strike Complaint

Defendant Fort Bend County moves to strike the complaint because it was filed by a non-attorney on behalf of plaintiff, who is neither a minor nor an incompetent person.

(Docket Entry No.5). Defendant also maintains that the complaint fails to state a claim upon which relief may be granted. (*Id.*).

In federal court a party can represent himself or be represented by an attorney, but he cannot be represented by a non-lawyer. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-309 (2d Cir.1991) (reviewing authorities)). Because Toni Hansen, plaintiff's sister, has not shown that she is a licensed attorney authorized to practice law in this circuit, she cannot represent plaintiff; therefore, the complaint is subject to being stricken and the case dismissed.

B. Motions to Amend and to Dismiss

By letter motion, plaintiff seeks to rescind his request to withdraw and dismiss the "Petition for Exclusiveness of Remedy in re: Tort Claim," (Docket Entry No.8) and moves to amend his complaint to seek relief from the alleged tortfeasors under 42 U.S.C. § 1983. (Docket Entry No.10). Plaintiff, however, has not filed a complaint or signed and dated a complaint in this Court; plaintiff's sister signed, dated, and submitted the complaint in this case. (Docket Entry No.1, page 4).

Moreover, allowing plaintiff to file a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 would be futile because plaintiff's claims against each of the underlying "tortfeasors" are time-barred.[3] *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991) (stating that a district court may deny leave to amend if the amendment would be futile). In cases brought under § 1983, federal courts apply the forum state's general personal injury limitations, *Wallace v. Kato*, 549 U.S. 384, 386 (2007), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal

---

[3] Likewise, the claims against these alleged tortfeasors may also be subject to dismissal for the reasons stated by defendant Fort Bend County in its Motion to Dismiss. (Docket Entry No.6).

injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *Spotts v. U.S.*, 613 F.3d 559, 573 (5th Cir. 2010).

Under federal law, a claim accrues and the limitations period begins to run "when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388; *Spotts*, 613 F.3d at 574 (noting limitations begins to run the moment the plaintiff becomes aware that he has suffered any injury or has sufficient information to know that he has been injured). The pleadings in this case and public records show that plaintiff's claims accrued in late November 2006, and no later than August 2008,[4] more than two years before plaintiff's sister filed the complaint on February 15, 2011. Therefore, to the extent that plaintiff seeks to amend his complaint by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against these state actors, his request is DENIED.

To the extent that plaintiff seeks to amend his complaint to file a civil rights complaint against Fort Bend County, Texas, and/or its Risk Management Office for alleged violations of his rights with respect to his arrest and the prosecution and defense of criminal proceedings, he fails to state a claim upon which relief may be granted. A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is

---

[4] The Notice of Tort Claim addressed to Fort Bend County states that the dates of alleged tortuous acts are November 7, 2006, and ongoing. (Docket Entry No.1-1, page 4). Apparently, plaintiff was arrested on November 7, 2006, and met with his attorney Tom Stickler on November 11, 2006. (*Id.*, pages 6-7). As previously discussed, plaintiff was sentenced on April 16, 2007; his state habeas applications were denied without written order by the Texas Court of Criminal Appeals in July 2008; and his federal habeas petition was filed on August 21, 2008.

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

As defendant Fort Bend County notes in its Motion to Dismiss, the complaint states no facts to show that Fort Bend County or its Risk Management Director was involved in any way in plaintiff's arrest or the prosecution of his criminal offenses. (Docket Entry No.6). Under § 1983, a county cannot be held liable on a theory of *respondeat superior* merely because it employs a tortfeasor. *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). A county or other local government may be liable, however, for harm caused by the execution of an official policy or custom that deprives an individual of his constitutional rights. *Id*. Municipal liability under § 1983 requires proof of three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). The pleadings here do not set forth facts giving rise to a claim of municipal liability against Fort Bend County, Texas.[5] Therefore, the pending complaint is subject to dismissal for failure to state a claim.

## II. CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1. Plaintiff's motion to rescind his request to withdraw and dismiss and to amend his complaint (Docket Entry No.10) is GRANTED, in part, and DENIED, in part. Plaintiff's motion to rescind the

---

[5] A prosecutor enjoys absolute immunity from personal liability for damages under 42 U.S.C. § 1983 for actions taken in "initiating a prosecution and presenting the State's case" and those actions "intimately associated with the judicial phase of the criminal process." *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). Thus, when a district attorney or an assistant district attorney prosecutes state law crimes, he or she is clearly entitled to absolute prosecutorial immunity when performing acts within his or her role as a prosecutor. *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983). Likewise, a judicial officer enjoys absolute immunity from liability for damages for acts performed in the exercise of his or her judicial functions. *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). It follows that the actions of a Texas district attorney within the scope of his or her prosecutorial function or the actions of a local judgment in his or her judicial capacity during a state criminal proceeding do not constitute official policy for which a county can be held liable. *Id.*

      request to withdraw and dismiss is GRANTED. Plaintiff's motion to amend is DENIED.

2.     Defendant Fort Bend County's Motion to Dismiss for failure to state a claim (Docket Entry No.6) is GRANTED. This complaint is DISMISSED WITH PREJUDICE.

3.     Defendant Fort Bend County's Motion to Strike (Docket Entry No.5) is DENIED, as moot.

4.     All other pending motions, if any, are DENIED.

5.     The Order for Conference and Disclosure of Interested Parties, entered on March 4, 2011 (Docket Entry No.3), is VACATED.

The Clerk will provide a copy of this order to the parties and a copy by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159.

SIGNED at Houston, Texas, this 17th day of May, 2011.

*[signature: Melinda Harmon]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE